UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ARSHPREET SINGH,

            Petitioner,

v.                                                Case No. 24-CV-170

CHERYL EPLETT,

            Respondent.

---

## DECISION AND ORDER

---

### 1. Background

On December 4, 2017, 59-year-old M.G. ran to a city parking checker at Milwaukee's Mitchell Park, crying and pulling up her pants, stating that a man had forced her into his car and raped her. *State v. Singh*, 2022 WI App 49, ¶ 8, 404 Wis. 2d 509, 979 N.W.2d 808, 2022 Wisc. App. LEXIS 659; (ECF No. 7-7 at 6-8.) M.G. later told police that she had been waiting for a bus nearby the park when a man in a white car forced her into his car. *Id.*, ¶ 3. He drove her to the park and raped her. *Id.*, ¶ 4. Although the man used a condom, the condom broke. *Id.*, ¶ 4. She described the man as possibly Puerto Rican, having a diamond earing, a tattoo on the left side of his neck, slim, very short or shaved hair, and no facial hair. *Id.*, ¶¶ 6, 9.

M.G. acknowledged drinking beer, taking a sleeping pill, and smoking crack cocaine on the day of the incident, but she denied that it affected her recollection. *Singh*, 2022 WI App 49, ¶¶ 6, 10. At the hospital, staff recorded M.G. as a "flight of ideas." *Id.*, ¶ 30.

Investigators identified Arshpreet Singh as a suspect when crime lab analysts matched his DNA to DNA recovered from M.G. *Singh*, 2022 WI App 49, ¶ 12. He initially denied having ever met M.G., *id.*, ¶ 12, but at trial testified that while driving a black car he approached M.G. and indicated he was looking for sex, at which point she got into his car and agreed to have oral sex with him for $20. *Id.*, ¶ 15. M.G. then agreed to have vaginal and anal sex with him for free. *Id.* In having anal sex with M.G., the condom broke. *Id.*

At trial, Singh presented evidence that a few days after this incident he had a beard and hair on his head. *Singh*, 2022 WI App 49, ¶ 13. Singh's wife testified that Singh wore gold earrings, always had a beard, and drove a black car. *Id.*

After deliberating for a day-and-a-half, the jury found Singh guilty of second-degree sexual assault, false imprisonment, and kidnapping. *Singh*, 2022 WI App 49, ¶¶ 2, 16. He sought post-conviction relief due to the alleged ineffectiveness of trial counsel. After the court of appeals affirmed the circuit court's denial of relief, *Singh*, 2022 WI App 49, and the Wisconsin Supreme Court denied review, *State v. Singh*, 2022

WI 107, 2022 Wisc. LEXIS 566, Singh filed the present petition for a writ of habeas corpus. (ECF No. 1.)

The court screened the petition in accordance with Rule 4 of the Rules Governing Section 2254 Petitions and ordered the respondent to answer. (ECF No. 3.) All parties have consented to the full jurisdiction of a magistrate judge (ECF Nos. 2, 6), and the petition is now ready for resolution.

## 2. Habeas Law

"Under the Antiterrorism and Effective Death Penalty Act (AEDPA) amendments to 28 U.S.C. § 2254, a habeas petitioner faces steep obstacles to prevail on a claim the state courts have rejected on the merits." *Wilson v. Neal*, 108 F.4th 938, 947 (7th Cir. 2024); *see also Metrish v. Lancaster*, 569 U.S. 351, 357-58 (2013). A federal court may grant relief under § 2254 only if the petitioner shows that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1), (2); *Nichols v. Wiersma*, 108 F.4th 545, 552 (7th Cir. 2024).

Only holdings of the United States Supreme Court constitute "clearly established Federal law." *White v. Woodall*, 572 U.S. 415, 419 (2014). Neither Supreme Court dicta nor a holding from any other court will suffice. *Id*.

To prevail on the "contrary to" prong, a petitioner must point to a rule of law articulated by the United States Supreme Court that contradicts the state court's decision. *Brown v. Payton*, 544 U.S. 133, 141 (2005). Alternatively, the petitioner may point to a decision of the Supreme Court that is factually "materially indistinguishable" but reaches a different result from that of the state court. *Id.*

To prevail on the "unreasonable application" prong, it is not enough for a petitioner to show that the state court's decision was wrong or even clearly wrong. *White*, 572 U.S. at 419. Rather, the state court's decision must have been objectively unreasonable such that it "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 415 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). If "the specific reasons given by the state court" were reasonable, the federal court "defers to those reasons." *Wilson v. Sellers*, 584 U.S. 122, 125 (2018).

When a petitioner presents a claim of ineffective assistance of counsel, *see Strickland v. Washington*, 466 U.S. 668 (1984), in a habeas petition, the court's review is generally "doubly deferential." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

The federal court "gives both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013). Thus, not only must a petitioner "show that his counsel rendered objectively unreasonable performance and that, but for counsel's errors, the outcome would have been different," *Rogers v. Wells*, 96 F.4th 1006,

1012 (7th Cir. 2024), but also that the state court's decision denying relief was itself unreasonable.

3. Analysis

In his brief to the Wisconsin Court of Appeals, Singh argued that his trial "counsel's performance was deficient because he [(1)] failed to confront MG with [her] inconsistent statements"; (2) "failed to introduce a security video from Walgreens which would have conclusively demonstrated that MG's trial testimony was false concerning when, where, and how she got into Singh's vehicle"; (3) failed to bring to the jury's attention that medical staff observed M.G. "to be 'disorganized, flight of ideas, loose associations'"; (4) "failed to object to a series of leading questions by the prosecutor to MG all of which falsely suggested that the various statements given by MG were consistent"; (5) failed to object to a nurse's testimony that "oftentimes we don't see injuries" on sexual assault victims; (6) failed to introduce evidence that Singh has a large scar on his head; and (7) failed to object to the prosecutor's closing argument. (ECF No. 12 at 6-7.)

In his brief in support of his petition, Singh generally does not develop these arguments. He does not, for example, point to what specifically was inconsistent about M.G.'s statements or explain how the prosecutor's statement was prejudicial. Instead, as the respondent notes (ECF No. 15 at 5), Singh's arguments focus on the state court's

decision not to hold an evidentiary hearing and his request that this court hold a hearing. (ECF No. 12 at 15-16.)

"On limited occasions, the decision under § 2254(a) whether a writ should issue cannot be reached because of the state of the record. In that circumstance, the district court may hold an evidentiary hearing." *McMullen v. Dalton*, 83 F.4th 634, 647 (7th Cir. 2023) (internal citations omitted). "The 'AEDPA governs the availability of evidentiary hearings on federal habeas review, and generally bars them except in narrow exceptions.'" *Id.* (quoting *Westray v. Brookhart*, 36 F.4th 737, 754 (7th Cir. 2022)). "[A] federal evidentiary hearing is required only if (1) the petitioner alleges facts which, if proved, would entitle him to relief and (2) the state courts, for reasons beyond the control of the petitioner, never considered the claim in a full and fair hearing." *Davis v. Lambert*, 388 F.3d 1052, 1061 (7th Cir. 2004). It is not enough for a petitioner to broadly assert, for example, that he expects to prove at an evidentiary hearing that his counsel was ineffective. To obtain an evidentiary hearing, a petitioner must offer specifics, not speculation. *See, e.g.*, *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996).

In the ineffective assistance context, an evidentiary hearing is generally relevant only to the reasonableness prong so the court can learn counsel's rationale for the challenged action or inaction. *Cf. McMullen*, 83 F.4th at 648 (remanding for an evidentiary hearing regarding trial counsel's "strategic reasons" for the limits of his investigation). The Wisconsin Court of Appeals, however, focused on the prejudice

prong and denied Singh's claims of ineffective assistance because there was no reasonable probability that any alleged error affected the verdict.

Singh has failed to present specific factual allegations that, if proven at an evidentiary hearing, would show that he is entitled to relief. In fact, it is only with respect to his claim regarding the nurse's expert testimony that he even attempts to articulate what he hopes to prove at a hearing. But all he offers is an acknowledgment that he "would be required to present sufficient testimony from a qualified expert to substantiate his allegation that counsel's deficient performance in this regard was prejudicial." (ECF No. 12 at 17.) Setting aside that Singh offered nothing to suggest that he has an expert who would provide such testimony, as discussed below, even if the court were to consider its merits, this claim would fail for a different reason. Singh has failed to show that an evidentiary hearing is necessary.

In fact, Singh has failed to develop his arguments as to how he was prejudiced by his attorney's allegedly deficient representation. The court could end its analysis there. Singh is not entitled to an evidentiary hearing because he has not alleged specific facts which, if proved, would entitle him to relief. And by failing to develop arguments beyond vague categories of alleged errors, he has failed to demonstrate he is entitled to federal habeas relief. It is well-established that a federal court is under no obligation to scour the record in an attempt to discern a basis for a party's claims; it is the party's

obligation to present that to the court. *See Burton v. Bd. of Regents*, 851 F.3d 690, 695 (7th Cir. 2017).

Even if the court were to attempt to scour the record for plausible arguments to support Singh's claims of ineffective assistance, his claims would still fail. M.G.'s statements varied most materially in terms of the events preceding the rape. (ECF No. 1 at 15-20.) The court of appeals held, "These inconsistencies, however, only matter if there was an issue regarding whether M.G. was actually in Singh's car." *Singh*, 2022 WI App 49, ¶ 23. Because Singh admitted M.G. was in his car and that he had sex with her, he was not prejudiced by counsel's failure to introduce this evidence. *Id.*

Although the inconsistencies in M.G.'s story were arguably somewhat more relevant than the court of appeals found, particularly with respect to the kidnapping charge, Singh has failed to show that the court of appeals' rejection of this claim was unreasonable. Trial counsel succeeded in making clear to the jury that M.G. was not an accurate historian and had offered different versions of the events. (*See, e.g.,* ECF No. 7-6 at 60-66.) Further examples of tangential inconsistencies would not be expected to produce a different result.

Nor was Singh prejudiced by counsel's failure to introduce the Walgreens video. As the court of appeals noted, a detective testified that the Walgreens video did not show anything relevant to the investigation. *Singh*, 2022 WI App 49, ¶ 25; (ECF No. 7-6 at 89-90). When there is uncontradicted testimony that a video does not depict anything

relevant, there is no reason to show the jury the video to prove that it does not show anything relevant.

Singh conceded that counsel's purported error of failing to introduce medical staff's note that M.G. was a "flight of ideas" "may not rise to the level of being prejudicial in its own right …." (ECF No. 7-2 at 26.)[1] Rather, he offers this alleged deficiency only to suggest that he suffered cumulative errors that added up to prejudice. (ECF No. 7-2 at 26.) It is unclear what Singh contends the medical providers' notes are probative of. Trial counsel highlighted that M.G. was under the influence of various substances at the time of the assault and during the subsequent interviews, and he noted inconsistencies and inaccuracies in her reporting. That a medical practitioner noted her to be "a flight of ideas" and otherwise disorganized in her thinking would have been cumulative and unlikely to affect the outcome.

Likewise, Singh was not prejudiced by counsel's failure to object to the prosecutor's leading questions. (ECF No. 7-6 at 39-42.) The jury was adequately apprised that M.G.'s statements had not been wholly consistent. The prosecutor's failure to ask questions that were strictly in keeping with the rules of evidence did not affect

---

[1] The respondent argues that the Wisconsin Court of Appeals found that he conceded this claim by failing to address it in his reply. (ECF No. 15 at 7-8.) The court does not read the court of appeals' decision as finding that Singh conceded this claim. Rather, when the court of appeals said in paragraph 34, "Once again, Singh does not respond to these arguments in his reply brief, thus, we deem this a concession that the State is correct," it was referring only to the paragraph immediately preceding that statement, paragraph 33, discussing Singh's claim regarding the prosecutor's closing argument. The court of appeals in paragraph 32 considered the "flight of ideas" claim and rejected it on its merits.

the outcome; the result would have been the same even if counsel's objection had prompted the prosecutor to rephrase her questions.

As for the nurse's testimony about the frequency with which injuries are observed on sexual assault victims, the state *did* disclose that the nurse would "testify regarding the frequency of injuries and sexual assault exams." (ECF Nos. 1 at 20, 21; 7-2 at 54); *Singh*, 2022 WI App 49, ¶ 27. The Wisconsin Court of Appeals found that Singh conceded this fact and that his claim lacked merit by failing to address the state's arguments in his reply brief. *Id.*, ¶ 29. The respondent argues that this state court finding represents adequate and independent state law grounds for the court of appeals' decision, barring this court from considering the merits of Singh's claim. (ECF No. 15 at 5-10.) Singh has not replied to the respondent's brief. Therefore, the court accepts the respondent's argument and finds that, by relying on state law to conclude that Singh conceded the merits of this argument, it is barred from considering the claim on its merits. *See Triplett v. McDermott*, 996 F.3d 825, 829 (7th Cir. 2021) (discussing the adequate and independent state law grounds doctrine). In any event, the record makes clear that Singh's argument is meritless because the state did disclose that the nurse's testimony would include the frequency of injuries in sexual assaults.

That Singh's attorney did not introduce evidence that Singh had a large scar on his head was not prejudicial because the case was about consent, not identity. Moreover, Singh was in court, he testified, and the jury saw photos of him from the time of the

10
Case 2:24-cv-00170-WED   Filed 10/21/24   Page 10 of 13   Document 16

incident (*see* ECF No. 1 at 22 ("What such photographs would show, is a person with an enormous scar that is, grotesque, obviously visible and impossible to forget.")). Insofar as the presence of a scar was relevant, the jury was able to observe it.

Finally, the prosecutor in closing referred to having watched a video on YouTube in which viewers are instructed to count the number of times children pass a ball back and forth. (ECF No. 7-7 at 236-37.) Most viewers of the video fail to notice that a man in a gorilla suit walks through the video. (ECF No. 7-7 at 236-37.) This anecdote recounts one of psychology's best-known experiments on the fallibility of human perception, generally referred to as "the invisible gorilla." *See* Christopher Chabris & Daniel Simons, *The Invisible Gorilla: How Our Intuitions Deceive Us* (2011). The Wisconsin Court of Appeals again concluded that Singh conceded the state's argument when he failed to address it in his reply. *Singh*, 2022 WI App 49, ¶ 34.

As discussed above, the court of appeals' finding constitutes an adequate and independent state law ground for the court's decision, precluding this court from considering the merits of his claim. And, again, in any event Singh's argument is meritless. There was nothing improper in the prosecutor referring to this well-known experiment in her closing. Jurors may, and are in fact instructed to, call on their experience and knowledge in their deliberations.

### 4. Conclusion

Rather than developing his arguments, Singh devotes his brief to arguing that he is entitled to an evidentiary hearing. But he has failed to allege specific facts that, if proven at an evidentiary hearing, would entitle him to relief. Therefore, his request for an evidentiary hearing is denied.

Singh is not entitled to relief on his claim that his trial counsel was ineffective because he has failed to show that the state court's decision was unreasonable. His arguments are generally undeveloped, and he procedurally defaulted two claims because the court of appeals rejected them on adequate and independent state law grounds. But even if the court were to consider his claims on their merits, they would all fail. Singh was not prejudiced by counsel's alleged unreasonable conduct.

Because the court finds that it must deny Singh's petition, it must consider whether to grant him a certificate of appealability. *See* Rule 11, Rules Governing Section 2254 Cases. The court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires more than showing merely that an appeal would not be frivolous. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). But this standard does not require that the applicant to show that some judges would grant the petition. *Id*. Rather, when the court has denied the petition on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong." *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The certificate of appealability "shall indicate which specific issue or issues satisfy the showing required by [28 U.S.C. § 2253(c)(2)])."

The court concludes that Singh has failed to make a substantial showing of a denial of constitutional right. *See* 28 U.S.C. § 2253(c)(2); Rule 11 of the Rules Governing Section 2254 Cases. Therefore, the court will deny him a certificate of appealability.

**IT IS THEREFORE ORDERED** that Singh's petition for a writ of habeas corpus is **denied**. The petition and this action are **dismissed**. The court further denies a certificate of appealability. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 21st day of October, 2024.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge